United States District Court
Southern District of Texas
**ENTERED**
October 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE DOLORES BUCARDO BALMACEDA, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 4:26-cv-05064 |
| | § | |
| v. | § | |
| | § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, Jose Dolores Bucardo Balmaceda, is currently detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Represented by counsel, the petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued confinement. (Dkt. No. 1).

After examining the petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, the Court ordered the respondent to file an answer or other appropriate responsive pleading. (*See* Dkt. No. 5). The Order to Answer instructed the respondents that they must notify the petitioner's counsel and the Court of any anticipated or planned transfer of the petitioner outside of the Houston Division of the Southern District of Texas at least five (5) days before any such transfer. (*Id.*).

On October 1, 2026, the respondent filed a Notice of Intent to Remove. (Dkt. No. 10). In the Notice, the respondent states that on August 24, 2026, an immigration judge ordered the petitioner removed to Nicaragua. (*Id.* at 2). The petitioner's deadline to appeal the removal order

to the Board of Immigration Appeals (BIA) was September 24, 2026. (*Id.*). The respondent states that the petitioner did not file an appeal by the September 24 deadline. (*Id.*). The respondent states that the removal order is now administratively final and that the petitioner will be removed from the United States on October 8, 2026. (*Id.* at 1, 2).

Counsel for the petitioner has filed an Advisory (Dkt. No. 11) stating that the government's representation that no appeal to the BIA had been filed is incorrect and that the petitioner had filed a timely appeal to the BIA on September 21, 2026.

In light of the foregoing, it appears that the petitioner has filed an appeal to the BIA of the removal order. Removal orders are automatically stayed during appellate proceedings before the BIA. *Contreras-Molina v. Warden of the Prarieland Det. Ctr.*, No. 3:26-CV-00867-E-BN, 2026 WL 809853, at *1 (N.D. Tex. Mar. 24, 2026) (citing 8 C.F.R. § 1003.6(a)); *see also Valle Vargas v. De Anda-Ybara*, No. CV 25-834 JB/GBW, 2026 WL 63932, at *2 (D.N.M. Jan. 8, 2026) ("Th[e] appeal [to the BIA of the petitioner's removal] automatically stayed the removal order.") (citing 8 C.F.R. § 1003.6(a)), *R&R adopted sub nom. Valle Vargas v. De Anda-Ybarra*, No. CIV 25-0834 JB/GBW, 2026 WL 256810 (D.N.M. Jan. 30, 2026).

In the Advisory, the respondents do not cite any legal support for the contention that the petitioner can be removed while an appeal before the BIA is pending. In light of the fact that the petitioner has a pending appeal before the BIA and that removal orders are automatically stayed during appellate proceedings before the BIA, the Court **ORDERS** as follows:

1. Within 7 days of the date of this Order, the respondents must **FILE** a response to this Order and the Petitioner's Advisory that addresses whether the petitioner in fact has an appeal pending before the Board of Immigration Appeals and, if so, under what authority the respondents may effectuate the removal order while an appeal is pending.

2. The respondents are **ENJOINED** from removing the petitioner from the Southern District of Texas until further notice of the Court.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on October 5, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge